

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 9, 1939

Mrs. Faye Stewart, President
State Board of Cosmetology
Austin, Texas

Dear Mrs. Stewart:

Opinion No. O-672
Re: Renewal of operator's license

Your question as to whether an appli-
cant for a renewal license rejected because of
the submission of a positive Wasserman test
might renew a license after the proscribed res-
toration day by the submission of a negative
Wasserman test and remitting in full for all
past certificates has been received by this de-
partment.

In our Penal Code, Article 734b, Sec-
tion 10, subsection (b) provides that all appli-
cants for examination and for license shall be
accompanied by a health certificate by a regu-
larly licensed doctor of medicine, showing the
applicant to be free from any contagious or in-
fectious disease as determined by general exam-
ination and Wasserman blood test. Under the
terms of this act, your board has no authority
to issue a license to any person submitting a
positive test.

In our opinion, the intention of the
Legislature was that the requirement as to the
blood test was important and just as necessary
as any other requirement prescribed, before the
board was authorized to issue a license. Any
person that could not qualify for a license be-
cause of his inability to submit a negative Was-
serman test lacks just as an essential qualifi-
cation to practice under the act as any of the

other prescribed requirements. If the applicant was unable to submit the negative test within one year after the date of the expiration of his or her license we think that he or she should stand in the same position as a person who fails for some other reason to qualify for their license within that period of time.

Your applicant might have waited some four, five or more years before being able to submit a negative test along with the application for a license and in that event, it would have been easier for the applicant to have paid the regular ten dollar fee prescribed for an original applicant. That leaves the choice with the applicant as to the manner of qualification for license. We do not think that such discretion should rest with the applicant nor do we think that the board may grant a license to such applicant by permitting the applicant to pay the past fees. In addition to the reasons above given, it is possible that the applicant might, after waiting for a period of years, in order to secure a negative test be unfamiliar with the modern methods of cosmetology.

Section 18, of article 734b of the Penal Code makes no provision for a renewal license after the expiration of one year from the date of the expiration of the old license. If the applicant does not or cannot qualify for a new license within one year from date of expiration of old license, we find no authority for issuing what you term a current license.

In our opinion, an applicant for a license that was unable to furnish a negative Wasserman test along with the application during the year following the expiration of his or her license but thereafter makes application must do

so as any other new applicant for a license as an operator.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Morris Hodges._
Morris Hodges
Assistant

MH:ob

APPROVED:

ATTORNEY GENERAL OF TEXAS